IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

DEANA STARKEY,

       Plaintiff,

v.                                                                 Civil Action No. 7:14-CV-19 (HL)

COLQUITT COUNTY BOARD OF
COMMISSIONERS and LYNN
PURVIS, CLERK OF COURT
COLQUITT COUNTY, GEORGIA,

       Defendants.

## ORDER

Before the Court are the Motion to Dismiss the Complaint (Doc. 4) by

Defendant Colquitt County Board of Commissioners ("Board of Commissioners")

and the Motion to Dismiss Plaintiff's Amended Complaint (Doc. 18) by the Board

of Commissioners, Defendant Colquitt County, Georgia ("Colquitt County"), and

Defendant Lynn Purvis, Clerk of Court, Colquitt County, Georgia ("Purvis")

(collectively "Defendants"). In light of Plaintiff's Amended Complaint (Doc. 9) and

Defendants' motion to dismiss it,[1] the Board of Commissioners' first motion to

---

[1] Because the complaint was not amended until more than twenty-one days after the
Board of Commissioners moved to dismiss the original complaint, Plaintiff was not
entitled to amend her complaint as a matter of course. Fed. R. Civ. Pro. 15(a)(1). She
could only amend the complaint "with the opposing party's written consent or the court's
leave." Rule 15(a)(2). Because she has obtained neither, the amended complaint is not
properly before the Court. Nevertheless, recognizing that Rule 15 instructs courts to
"freely give leave [to amend] when justice so requires," and persuaded that justice
warrants granting Plaintiff leave to amend her complaint, the Court construes the

dismiss is moot. The motion to dismiss the Amended Complaint is granted in part and denied in part.

## I.   Legal Standard

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is plausible if its factual allegations allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. Twombly, 550 U.S. at 556.

In ruling on a motion to dismiss, the court must accept "all well-pleaded facts … as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n. 1 (11th Cir. 1999). However, this tenet does not apply to legal conclusions in the complaint. Iqbal, 556 U.S. at 679. "[C]onclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188

amended complaint as a motion for leave to amend and grants it. However, Plaintiff and her counsel should take note that, in the future, such off-hand treatment of the federal and local rules of procedure will not be tolerated by the Court.

(11th Cir. 2002). A court must dismiss the complaint if, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Executive 100, Inc. v. Martin County, 992 F.2d 1536, 1539 (11th Cir. 1991) and Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed.2d 939 (1946)).

## II.    Factual Background

On January 29, 2007, Plaintiff Deanna Starkey ("Plaintiff") was hired by Carolynn Marshall ("Marshall"), who was at that time the clerk of the superior, state, and juvenile courts for Colquitt County, Georgia. Marshall was Plaintiff's supervisor during the entirety of her employment. Plaintiff suffers from Crohn's disease. On multiple occasions, Plaintiff approached Marshall to explain the effects of the disease and request that, if she were tardy to work, she be allowed to make up the time later rather than be disciplined. Instead of granting the request, Marshall reprimanded Plaintiff when she was tardy. (Ex. 5 to Plaintiff's Response to the Motion to Dismiss, Doc. 23; Amended Complaint, ¶¶7-8).

On September 8, 2009, Marshall provided a memorandum to Plaintiff and other employees informing them that, after three absences, they would need a doctor's excuse for any additional absence from work. Plaintiff again tried to explain to Marshall that the symptoms of Crohn's disease, including diarrhea,

could appear unexpectedly and that she needed some flexibility in her work schedule and in complying with Marshall's demands. The supervisor refused to let Plaintiff make up the time she missed from work and never offered her leave under the Family Medical Leave Act ("FMLA").[2] However, Marshall did not require other employees to provide doctor's excuses for their absences, and she permitted them to work during lunch breaks to compensate for their being late to work. (Id. at ¶¶9-11).

On September 11, 2009, Plaintiff was absent part of the work day while visiting her doctor. When Plaintiff returned to work, Marshall confronted her and asked what the doctor had said. After Plaintiff said the doctor needed to run more tests, Marshall replied, "For what? So that he can tell you you've got Crohn's disease?" Plaintiff explained that the tests would indicate what stage her disease was in and if it were worsening. (Id. at ¶12).

Plaintiff's doctor wrote a letter to Marshall explaining Plaintiff's disease and its symptoms. When Plaintiff gave Marshall the letter, the supervisor angrily said, "Oh, is your doctor going to write me a letter?" After reading some of the letter, Marshall told Plaintiff, "I know all about Crohn's Disease. At this point, I wish you'd just have surgery, let them cut your intestines out or whatever, and come

---

[2] Plaintiff has not made a FMLA claim in this case.

on back to work in two weeks. Deana, I just don't know how much more of this I can take!" (Id. at ¶13).

Plaintiff reported Marshall's reaction to the letter to Kathy Willis ("Willis"), the human resources director for Colquitt County. Willis told Plaintiff that the human resources department could not discipline Marshall because she was a publicly elected official. Willis told Plaintiff to file a grievance against Marshall with the Department of Labor. In October 2009, Plaintiff again complained to Willis of Marshall's treatment. Plaintiff also reported that Marshall was falsifying her time records and docking her pay in violation of the Fair Labor Standards Act.[3] (Id. at ¶¶14-15).

On November 24, 2009, Marshall wrote a memorandum to Plaintiff reprimanding her and threatening termination if she were tardy to work one more time. Marshall also discussed Plaintiff's medical information with Terry McMullen, another county employee. On December 2, 2009,[4] Marshall told McMullen that "the ax is about to fall" and that Plaintiff "sure has a nice house. I would hate to see her lose it." (Id. at ¶¶16-17).

Marshall's actions exacerbated Plaintiff's medical condition. On December 4, 2009, Plaintiff requested intermittent leave under the FMLA, which Marshall tried to block. Nevertheless, Plaintiff used FMLA leave from February 15–18,

---

[3] Plaintiff has not made a Fair Labor Standards Act claim in this case.
[4] The Amended Complaint actually states the year as "2010," but the surrounding factual allegations indicate this is a typographical error.

2010. When Plaintiff returned to work on February 19, Marshall fired her. (Id. at ¶¶18-19).

On August 10, 2010, Plaintiff faxed an intake questionnaire to the Equal Employment Opportunity Commission ("EEOC") asserting that she had been subjected to employment discrimination on the basis of her disability and that she had suffered retaliation. Plaintiff listed the Colquitt County Board of Commissioners as her employer and described Marshall as the individual who had treated her unlawfully. On the questionnaire, Plaintiff provided the address for the Board of Commissioners, its approximate number of employees, and her own name, address, and phone number. She did not sign the questionnaire under an oath or affirmation as to the veracity of the information she provided. (EEOC Intake Questionnaire, Ex. 1 to Plaintiff's Response to Defendants' Motion to Dismiss, Doc. 23). On December 26, 2010, Plaintiff filed a charge of discrimination with the EEOC against the Board of Commissioners. Her charge stated that she had suffered discrimination on the basis of her age and disability and that she had endured retaliation. Her signature on the charge was verified. (Charge of Discrimination, Ex. C to Affidavit of Deborah Murkerson, Doc. 6-3).

After receiving a right to sue letter from the EEOC, Plaintiff filed suit in this Court on February 18, 2014. On May 19, 2014, she amended her Complaint to add Colquitt County and Lynn Purvis, as the Clerk of Court, Colquitt County,

Georgia[5] as defendants. Plaintiff alleges that Defendants are liable for discrimination and retaliation in violation of the Rehabilitation Act of 1973 ("Rehab Act"), 29 U.S.C. § 794, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* She claims that her condition of Crohn's Disease qualified as, or at least was perceived as, a disability; that Marshall treated her differently than similarly situated, non-disabled employees; and that the supervisor retaliated against her for reporting this treatment. According to Plaintiff, Defendants are liable for Marshall's actions. (Amended Complaint, ¶¶20-36).

## III. Legal Analysis

### A. Claims under the Rehab Act

Plaintiff agrees with Defendants that her claims under the Rehab Act are barred by the statute of limitations. These claims are dismissed.

### B. Claims under the ADA

Defendants contend that Plaintiffs' ADA claims must be dismissed because she failed to exhaust her administrative remedies before filing this lawsuit. Their specific contention is that she did not file a charge within 180 days of the alleged discrimination. The Court disagrees. Exhausting administrative remedies on an ADA claim requires a plaintiff in Georgia to file a charge of

---

[5] At some point in time, Lynne Purvis evidently succeeded Marshall as clerk.

discrimination with the EEOC within 180 days of the discriminatory or retaliatory act. *See* Chestnut v. Ethan Allen Retail, Inc., 971 F. Supp. 2d 1223, 1230 (N.D. Ga. 2013) (citing Wilkerson v. Grinnell Corp., 271 F. 3d 1314, 1317 (11th Cir. 2001)). A questionnaire would qualify as a charge if it is verified, made under oath or affirmation, by the charging party and contains the following information: 1) the name, address, and telephone number of the charging party; 2) the name and address of the employer; 3) a clear and concise statement of the facts; 4) the employer's approximate number of employees; and 5) a statement indicating whether the charging party has begun state proceedings against the employer. Chestnut, 971 F. Supp. 2d at 1229 (citing 29 CFR § 1601.12). To be a charge, a document "must be reasonably construed as a request for the [EEOC] to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." Federal Express Corp. v. Holowecki, 552 U.S. 389, 402, 128 S.Ct. 1147, 170 L.Ed.2d 10 (2008).

On its face, the questionnaire Plaintiff submitted meets all of the requirements for a charge except for the fact that it is not verified.[6] A reasonable person would perceive Plaintiff's questionnaire as an attempt to initiate EEOC

[6] While a court's review of a Rule 12(b)(6) motion to dismiss may typically not encompass anything beyond the pleadings, in employment discrimination cases that review is extended to charges filed with the EEOC. Chestnut, 971 F. Supp. 2d at 1228 (citing cases). This expanded review is necessary because proving that a charge was timely filed with the EEOC is an element of the *prima facie* case for an employment discrimination claim. Id. Neither Plaintiff nor Defendants question the authenticity of the questionnaire and charge at issue here.

action with regard to her termination. Just above the line where Plaintiff provided her signature on the questionnaire form, she checked a box that said "I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above." On the cover sheet for the fax containing the questionnaire, Plaintiff wrote, "I want to file a charge of discrimination for the reasons set forth in the attached Intake Questionnaire. Please note the filing **deadline is August 12, 2010**."

The Court also finds that the charge Plaintiff subsequently filed with the EEOC cured the technical defect of a lack of verification for the questionnaire. The relevant regulation promulgated by the EEOC clearly states that a "charge may be amended to cure technical defects or omissions, including a failure to verify the charge" and that "[s]uch amendments … will relate back to the date the charge was first received." 29 CFR § 1601.12(b). Although Plaintiff did not file her charge within 180 days of her discharge, it is verified and concerns the same facts alleged in the questionnaire. Thus, the charge relates back to the date the questionnaire was submitted, cures the questionnaire's lack of verification, and allows the Court to treat the questionnaire as a timely-filed charge.[7] Plaintiff

---

[7] Defendants rely on Chestnut v. Ethan Allen Retail in arguing that Plaintiff's charge does not qualify as an amendment of the questionnaire, but that case is easily distinguishable from this one. The plaintiff in Chestnut did not file a timely charge with regard to the claims in her lawsuit because she did not allege these claims in her questionnaire, which was timely filed, and her subsequent charge did not explain how its claims related to the allegations in the questionnaire. 971 F. Supp. 2d at 1229-34.

exhausted her administrative remedies so far as timeliness is concerned, and the motion to dismiss is denied with regard to Plaintiff's claims for violations that occurred after February 10, 2010.

The motion to dismiss Plaintiff's claims for a failure to exhaust her remedies is granted, however, with regard to any discrimination that occurred before February 11, 2010. That date is 180 days prior to August 10, 2010, when Plaintiff filed her questionnaire with the EEOC. Because Plaintiff did not bring a timely charge of discrimination against the Defendants for acts that occurred before February 11, 2010, her claims are dismissed to the extent they are based on these acts.

## C.   Claims against Colquitt County and the Board of Commissioners

Colquitt County and the Board of Commissioners deny that Plaintiff has sufficiently alleged that they were her employers and, therefore, move to dismiss her claims against them. An action under the ADA "may only be maintained against the employer itself." Richey v. City of Lilburn, 127 F. Supp. 2d 1250, 1256 (N.D. Ga. 1999) (citing various Eleventh Circuit opinions). In Georgia, the clerk of superior court is a constitutionally-elected officer and, consequently, "is not an employee of the county commission." Griffies v. Coweta County, 272 Ga. 506,

---

The court consequently found that the charge did not "relate back" to the questionnaire. Id. at 1233-34. Because the charge was not filed within 180 days of the alleged discrimination, the plaintiff had not exhausted her administrative remedies. Id.

507 (2000). "Ordinarily, employees of constitutionally elected officers are considered employees of the elected officer and not employees of the county…." Boswell v. Bramlett, 274 Ga. 50, 51 (2001). The Supreme Court of Georgia has indicated, in dicta, that an exception to this rule might exist where a superior court clerk "has asked that his office be subject to the merit system [of a county] and the county has provided for such coverage through an appropriate resolution or ordinance." Gwinnett County v. Yates, 265 Ga. 504, 508 (1995); *see also* Boswell, 274 Ga. at 51-52.

The Court agrees with Defendants that the motion to dismiss the claims against Colquitt County and the Board of Commissioners should be reviewed under Rule 12(b)(6) as contending that Plaintiff has failed to state a claim against these parties. Plaintiff's position is that the motion falls under 12(b)(1), which deals with the lack of federal subject-matter jurisdiction. In contrast to ruling on 12(b)(6) motions, a "court may consider 'matters outside the pleading'" when reviewing 12(b)(1) motions. Kaiser v. Trofholz Technologies, Inc., 935 F. Supp. 2d 1286, 1289 (M.D. Ala. 2013) (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).

For Title VII cases, courts have held that "a defendant's status as an employer … is a nonjurisdictional element of the plaintiff's cause of action," and thus a motion denying that a defendant qualifies as an employer under the

statute should be analyzed under 12(b)(6). Id. (citing various cases, including Arbaugh v. Y & H Corp., 546 U.S. 500, 509-10, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006)). This reasoning has been applied to other statutes dealing with employment, including the ADA. *See, e.g.*, Aparicio v. Creative Glass Prods., Inc., No. 2:14-cv-467-FtM-38DNF, 2014 WL 5590823, at *2 (M.D. Fla. Nov. 3, 2014) (ADA); Bohenkamp v. JT Private Duty Home Care, LLC, No. 2:14-cv-366-FtM-38CM, 2014 WL 4417836, at *2 (M.D. Fla. Sept. 8, 2014) (Fair Labor Standards Act); Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256, 1261-64 (11th Cir. 1997) (Age Discrimination in Employment Act). Title VII and the ADA define employers in similar ways, Albra v. Advan, Inc., 490 F.3d 826, 830 (11th Cir. 2007), and employment discrimination claims under the ADA are analyzed with the same framework as those brought under Title VII. *Compare* Wascura v. City of South Miami, 257 F.3d 1238, 1242-43 (11th Cir. 2001) (ADA) *with* Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1085-88 (11th Cir. 2004) (Title VII). Thus, the Court holds that whether Colquitt County and its Board of Commissioners employed Plaintiff is an essential element of Plaintiff's ADA claims and that a motion denying this element comes under Rule 12(b)(6).

In the Amended Complaint, Plaintiff has not alleged facts that would establish that Colquitt County or its Board of Commissioners was her employer. Plaintiff alleges that she was jointly employed by the clerk of the superior court

along with Colquitt County and/or the Board of Commissioners. Whether the county and the board were Plaintiff's employers is a legal question, so the Court is not required to accept Plaintiff's allegations about joint employment as true. Iqbal, 556 U.S. at 679. In analyzing whether an entity may be liable for discrimination under a joint employment theory, the Eleventh Circuit has focused on whether the entity provided compensation to the employee plaintiff, was involved in the employment decision at issue, and controlled the terms and conditions of the plaintiff's employment. Llampallas v. Mini-Circuits, Lab, Inc., 163 F.3d 1236, 1243-45 (11th Cir. 1998). To show joint employment, Plaintiff alleges that she filed complaints with the county, its name was on her pay checks, and it "exercised other control over her work duties." (Amended Complaint, ¶4). These conclusory allegations fall short of establishing joint employment by Defendants. See Isaacs v. Felder Servs., LLC, No. 2:13-cv-693-MEF, 2014 WL 2806128, at *2-4 (M.D. Ala. June 20, 2014) (dismissing Title VII claims because the plaintiff had not sufficiently alleged facts indicating joint employment). The Amended Complaint itself states that the county's human resources department told Plaintiff that it had no power to discipline the clerk of superior court because that person was a constitutionally-elected officer. (¶14). The claims against Colquitt County and the Board of Commissioners are dismissed.[8]

---

[8] Plaintiff requests that she be permitted limited discovery into whether she was jointly employed by the clerk of superior court along with Colquitt County and/or the Board of

**IV.    Conclusion**

Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 18) is granted in part and denied in part. Plaintiff's claims under the Rehab Act are dismissed. The claims against Colquitt County and the Colquitt County Board of Commissioners are also dismissed.[9] However, the motion to dismiss is denied with respect to Plaintiff's ADA claims for violations that occurred on or subsequent to February 11, 2010.

The stay of discovery is now lifted. Plaintiff and Defendant Lynn Purvis, as Clerk of Court, Colquitt County, Georgia are ordered to hold a scheduling conference pursuant to Federal Rule of Civil Procedure 26 and file a proposed scheduling and discovery order not later than December 16, 2014.


**SO ORDERED**, this the 25th day of November, 2014.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

scr

---

Commissioners. Because the claims against these Defendants have been dismissed as a result of a pleading deficiency in the Amended Complaint rather than an analysis of the evidence, this request is denied.

[9] The clerk of court is ordered to alter the styling of this case to reflect the dismissal of Colquitt County and the Colquitt County Board of Commissioners.